**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Pitts and Associates, LLC, | ) | No. CV-09-2697-PHX-FJM |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Williams Industrial Services, LLC; Williams Industrial Services, Inc., | ) ) | |
| Defendants. | ) ) ) | |

The court has before it defendants' motion to dismiss (doc. 13), and plaintiff's response (doc. 14). Defendants did not file a reply. We also have before us defendants' unopposed motion for extension of time to file a responsive pleading to the complaint (doc. 10).

Plaintiff Pitts & Associates, LLC ("Pitts"), an Arizona limited liability company, alleges that on September 1, 2007, it entered into an agreement with defendant Williams Industrial Services (WIS), whereby Pitts agreed to perform consulting services in connection with a plant owned by WIS and located in Bay City, Texas ("2007 Agreement"). WIS agreed to pay a "success fee" in the amount of $100,000 "for any transaction, whether it be to sell the Plant or fund development at the Plant location." In November 2008, the parties entered into a second agreement, whereby WIS agreed to pay a success fee in the amount

1  $150,000 "for any transaction on [the Plant] regardless of when the transaction occurs"
2  ("2008 Agreement"). Pitts contends that although WIS sold the Plant in June 2008,
3  triggering its obligation to pay the success fee, WIS has refused to pay.

4  WIS, a Delaware limited liability company with its principal place of business in Pennsylvania, now contends that this case must be dismissed for lack personal jurisdiction. With little factual or legal analysis, it claims that it did not avail itself of the privilege of conducting business in Arizona.

The plaintiff bears the burden of establishing that a court has personal jurisdiction over a defendant. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). However, a defendant can waive objections to personal jurisdiction by contractual agreement. Dow Chemical Co. v. Calderon, 422 F.3d 827, 831 (9th Cir. 2005); S.E.C. v. Ross, 504 F.3d 1130, 1149 (9th Cir. 2007) ("parties may consent to jurisdiction through a forum selection clause in a contract").

Pitts contends that WIS purposefully directed its activities to Arizona and availed itself of Arizona laws when it entered into the 2007 and 2008 Agreements. The 2007 Agreement provided that "any dispute shall be governed by the laws of the State of Arizona and any arbitration shall take place in Scottsdale, Arizona or such other place as the parties may agree." Response, exhibit 1. Moreover, WIS agreed to mail all payments due under the Agreement to Pitts in Scottsdale, Arizona. Id., exhibit 2. Pitts contends that by agreeing to submit to arbitration in Arizona, consenting to be bound by Arizona law, and agreeing to make payments to an Arizona resident at an Arizona address, WIS has consented to the personal jurisdiction of this court. We agree.

WIS does not respond to Pitts' argument. Failure to respond to an argument serves as an additional basis upon which to deny defendants' motion. See LRCiv 7.2(i) (if a party "does not serve and file the required answering memoranda, . . . such non-compliance may be deemed a consent to the denial . . . of the motion and the Court may dispose of the motion summarily").

**IT IS ORDERED GRANTING** defendants' motion for extension of time (doc. 10).

**IT IS FURTHER ORDERED DENYING** defendants' motion to dismiss (doc. 13).

DATED this 1st day of June, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge